# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-0560V
UNPUBLISHED

| | |
|---|---|
| DIANE JEBRAN,<br><br>　　　　　　　　Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>　　　　　　　　Respondent. | Chief Special Master Corcoran<br><br>Filed: October 7, 2022<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu); Shoulder Injury<br>Related to Vaccine Administration<br>(SIRVA). |

*Phyllis Widman*, Widman Law Firm, LLC, Northfield, NJ, for Petitioner.

*Austin Joel Egan*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON DAMAGES[1]

On May 6, 2020, Diane Jebran filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered from a shoulder injury related to vaccine administration (SIRVA) as a result of receiving an influenza ("flu") vaccine administered on September 27, 2018. Petition at ¶¶ 2, 18. Petitioner further alleges that her injury has persisted for more than six months. Petition at ¶ 14. The case was assigned to the Special Processing Unit of the Office of Special Masters.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioners have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On August 30, 2021, a ruling on entitlement was issued, finding that Petitioner was entitled to compensation for a SIRVA Table injury. On October 7, 2022, Respondent filed a proffer on award of compensation, which indicates Petitioner's agreement to the amount(s) therein. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award a lump sum payment of $192,686.89 (representing $120,000.00 for pain and suffering; $7,479.99 for past unreimbursed expenses; and $65,206.90 for past lost wages) in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| DIANE JEBRAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 20-560V |
| v. ) | Chief Special Master Corcoran |
| ) | ECF |
| SECRETARY OF HEALTH AND HUMAN ) | |
| SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On May 6, 2020, Diane Jebran ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), alleging that she suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA"), as defined in the Vaccine Injury Table, following administration of an influenza ("flu") vaccine she received on September 27, 2018. Petition at 1. On August 30, 2021, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case is appropriate for compensation under the terms of the Act for a SIRVA Table injury, and on August 30, 2021, the Chief Special Master issued a Ruling on Entitlement finding petitioner entitled to compensation. ECF Nos. 31-32.

**I.   Items of Compensation**

   A.   Pain and Suffering

Respondent proffers that petitioner should be awarded $120,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

   B.   Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable

expenses related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past unreimbursable expenses in the amount of $7,479.99. *See* 42 U.S.C. § 300aa-15(a)(1)(B). Petitioner agrees.

C.  Lost Wages

Evidence supplied by petitioner documents that she incurred past lost wages related to her vaccine-related injury. Respondent proffers that petitioner should be awarded past lost wages in the amount of $65,206.90. *See* 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

**II.   Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that the Chief Special Master's decision and the Court's judgment award the following[1]: a lump sum payment of $192,686.89, in the form of a check payable to petitioner.

**III.   Summary of Recommended Payments Following Judgment**

Lump sum payable to petitioner, Diane Jebran:  **$192,686.89**

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future unreimbursed expenses, future lost earnings, and future pain and suffering.

2

3

                                                  HEATHER L. PEARLMAN
                                                  Deputy Director
                                                  Torts Branch, Civil Division

                                                  DARRYL R. WISHARD
                                                  Assistant Director
                                                  Torts Branch, Civil Division

                                                  <u>/s/ AUSTIN J. EGAN</u>
                                                  Austin J. Egan
                                                  Trial Attorney
                                                  Torts Branch, Civil Division
                                                  U.S. Department of Justice
                                                  P.O. Box 146, Ben Franklin Station
                                                  Washington, DC 20044-0146
                                                  Tel: (202) 451-7479
                                                  Austin.J.Egan@usdoj.gov

Date:  October 7, 2022